Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #1018862)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
     Telephone: (213) 894-4983
     Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

JS-6

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>   Secretary of Labor,<br>    United States Department of Labor,<br><br>               Plaintiff,<br><br>            v.<br><br>**MICHELLE INC. doing business as GAZE U.S.A., INC.**,<br><br>               Defendant. | Case No.: CV 10-2996 PA (PLAx)<br><br>**CONSENT JUDGMENT** |

      Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendant Michelle, Inc. doing business as Gaze U.S.A., Inc., a California corporation ("Defendant"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

      A.    The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

      B.    Defendant has appeared and acknowledges receipt of a copy of the Secretary's Complaint.

C. Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D. The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F. Defendant has posted $19,104.84 with the U.S. Department of Labor, Wage and Hour Division, to cover FLSA wage underpayments due to employees of its sewing contractor, Pig Wear Inc.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the FLSA in any of the following manners:

1. Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or other(s)) has been employed in violation of the FLSA's minimum wage provisions (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207).

2. Defendant shall review with the owner or top management official of all sewing contractors with whom it does business each of the following matters prior to entering into any agreement with the contractor for its services and shall maintain documentation showing that the following matters have been reviewed:

A. The terms of the FLSA, including the contractor's obligation to pay

      minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

      B.  Whether the proposed price terms are such that the contractor will be able to able to comply with the FLSA's minimum wage and overtime requirements;

      C.  The sewing contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

      D.  The Defendant shall oblige the sewing contractor to inform Defendant immediately whenever the contractor is unable to meet the requirements of the FLSA.

Defendant shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request.

      3.  On at least an annual basis, Defendant shall hire an independent third party to conduct a pricing analysis of a representative sample of the different types of garments produced by the firm to determine the economic feasibility of Defendant's pricing in light of the wage requirements of the FLSA.  Defendant shall maintain documentation of this analysis and provide it to representatives of the Secretary of Labor upon their request.

      4.  Within 30 days of the entry of this judgment, Defendant shall hire an independent third party to monitor its sewing contractors to enforce the contractors' compliance with the FLSA.  A monitor is independent so long as it does not represent either the manufacturer or contractor in any of its dealings with any other parties or the Department of Labor.  The monitoring program shall include the following components:

      a.  Random and unannounced site visits to the contractor, at least on a quarterly annual basis;

      b.  Review of the contractor's timecards and payroll records on at least a quarterly annual basis;

      c. Private and confidential interviews of at least 20% of the current employees to determine the hours they work and the wages they are paid;

      d. Disclosure to the contractor of any FLSA compliance issues revealed by the monitoring and corrective action recommended to the contractor.

The monitor shall produce written reports of its findings which Defendant shall maintain for a period of three years. Defendant shall supply copies of these reports to representatives of the Secretary of Labor upon their request.

5. Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of Pig Wear Inc. who were not paid the minimum wage and/or overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, an amount sufficient to pay to such employees the back wages due to them under the FLSA for the period from 12/25/09 – 03/19/10. The aggregate amount hereby found due to these employees is $19,104.84, which amount was previously deposited with the Department of Labor. The attached Exhibit 1 shows the names of each employee of Pig Wear Inc., the period of their employment covered by this Consent Judgment and the gross backwage amount due to each.

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1 or to their estates if that be necessary, in her sole discretion. Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that the Defendant shall supply all of its sewing contractors with copies of the attached Exhibit 2, in English, Spanish and Korean, which summarizes terms of this Judgment and the employees' rights under the FLSA. Defendant shall ensure that its contractors distribute a copy of Exhibit 2 to each of the contractor's current em-

ployees within 30 days of entry of this Judgment, in the employees' native language, provide copies to all new hires, and post a copy at each of its contractors' establishments; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: May 7, 2010

_____
U.S. DISTRICT COURT JUDGE

For the Defendant Michelle Inc. dba Gaze U.S.A., Inc.:

The Defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____      _____
                                         Date

Its: _____
        President


_____       _____
                                         Date


Attorneys for the Defendant

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____                    _____
SUSAN SELETSKY, Attorney                           Date
Attorneys for the Plaintiff,
Secretary of Labor, U.S. Department of Labor

<u>Exhibit 1</u>

| Last Name | First Name | Period Covered | Gross Amount Due |
|---|---|---|---|
| Arbelio | -- | 01/08/10-03/19/10 | $ 701.42 |
| B-- | Roberto | 03/12/10-03/19/10 | 124.00 |
| Chan | Jorge | 01/22/10-03/19/10 | 321.00 |
| Chay | Alfredo | 01/15/10-03/19/10 | 1,104.00 |
| Chay | Santos | 01/15/10-03/19/10 | 1,208.00 |
| Garcia | Jeanete | 01/22/10-03/19/10 | 369.25 |
| Gomez | Marisela | 01/15/10-03/19/10 | 727.00 |
| Hernandez | Edith | 12/25/09-03/19/10 | 1,937.00 |
| Hernandez | Juan | 01/15/10-03/19/10 | 1,150.17 |
| Hernandez | Veronica | 01/15/10-03/19/10 | 1,045.00 |
| Lopez | Rodolfo | 01/22/10-03/19/10 | 1,341.00 |
| M-- | Giovany | 01/08/10-03/19/10 | 1,508.00 |
| Oxlaj | Rosario | 01/22/10-03/19/10 | 872.00 |
| -- | Priscilla | 03/12/10-03/19/10 | 158.00 |
| Perez | Edith | 02/19/10-03/19/10 | 490.00 |
| Perez | Julio | 03/12/10-03/19/10 | 144.00 |
| Ralac | Andres | 01/08/10-03/19/10 | 1,329.00 |
| Ramirez | Josefina | 01/08/10-02/26/10 | 888.00 |
| Santos | Elmer | 01/22/10-03/19/10 | 440.00 |
| Tex | Maria | 01/22/10-03/19/10 | 1,320.00 |
| Ventura | Eulalia | 01/15/10-03/19/10 | 1,630.00 |
| Vergara | Juan | 03/12/10-03/19/10 | 298.00 |
|  |  |  |  |

Exhibit 2

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Michelle, Inc. dba Gaze U.S.A., Inc.**, a garment manufacturer, from shipping goods on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**. All employees who work in this establishment can help Michelle, Inc. not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call Michelle, Inc., at** (   )       . Or, you can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.